UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELYSE KANE,<br><br>                         Plaintiff,<br><br>   v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>                         Defendants. | No. C10-5731 RBL<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY, DEFENDANT'S MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS, AND DEFENDANT'S AND PLAINTIFF'S REQUEST FOR AN AWARD OF REASONABLE ATTORNEYS FEES |

This matter has been referred to the undersigned Magistrate Judge for all discovery matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Rules MJR 1, MJR 3 and MJR 4.

Before the Court are Defendant's Motion to Compel Responses to Discovery (ECF No. 11), Defendant's Motion to Determine Sufficiency of Plaintiff's Responses to Requests for Admission and an Award of Reasonable Attorneys' Fees (ECF No. 13), and Plaintiff's request for attorneys' fees (ECF No. 16, pages 5-6).  After reviewing Defendant's motions, Plaintiff's responses, Defendant's replies, and the accompanying declarations and attachments, the

ORDER DENYING DISCOVERY MOTIONS - 1

Defendant's motions are DENIED for the reasons set forth below. Plaintiff's corresponding request for attorneys' fees (ECF No. 16, page 5-6) is also DENIED.

The first sentence in the first order issued by this Court in this case was that "All discovery matters should be resolved by agreement if possible." (ECF No. 5, Order Regarding Discovery and Depositions.) The Court in that order also noted that the conduct of the parties in pretrial matters should be guided by the provisions of the Code of Pre-Trial Conduct published by the American College of Trial Lawyers. (Id.) Among other things, that Code sets forth the following requirement for discovery practice:

> (4)   When a discovery disputes arises, opposing lawyers must attempt to resolve the dispute by working cooperatively together.  Lawyers should refrain from filing motions to compel or for court intervention unless they have generally tried, but failed, to resolve the dispute through all reasonable avenues of compromise and resolution.

Further, Fed. R. Civ. P. 37(a) provides that no party shall move for an order compelling disclosure or discovery unless the moving party includes a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Finally, in an effort to expedite resolution of discovery disputes, the Court also notified the parties:

> If a ruling is needed on any discovery question, and counsel wish to avoid the time and expense of a written motion, they may place a joint call to chambers at (253) 882-3840, requesting a conference call with the staff attorney assigned to the case to determine whether it is appropriate to obtain an expedited ruling through a telephone conference call.

(ECF No. 5, Order Regarding Discovery and Depositions)  The record does not reflect that either party made any attempt to use this method of resolution.

ORDER DENYING DISCOVERY MOTIONS - 2

The Court reminds the parties of the above because a review of the record persuades this Court that the parties are talking past each other rather than intending to resolve these discovery disputes in accordance with the order of this Court, the Code of Pre-Trial Conduct, and the Federal Rules of Civil Procedure. Unless either party can demonstrate on a specific discovery request that there is a legitimate dispute requiring Court intervention, no order compelling discovery or awarding attorneys fees will issue.

## FACTUAL AND PROCEDURAL BACKGROUND

In a 54-page complaint dated August 25, 2010, Plaintiff alleges what appear to be thirteen (13) causes of action against the City of Bainbridge Island regarding events surrounding the development and use of a residential property located at 9865 Manitou Beach Drive NE, Bainbridge Island, Washington. As noted by the Defendant, the complaint includes 375 paragraphs of allegations and assertions. The case was removed from Kitsap County Superior Court on October 5, 2010 (ECF No. 1). Although not initially filed in this court, this complaint is required to comply with Fed. R. Civ. P. 8(a) which states, in part, that a claim for relief should include "a short and plain statement" of the grounds for the court's jurisdiction, "a short and plain statement" that the pleader is entitled to relief, and "a short and plain statement" of the relief sought. Defendant claims that discovery was necessary to clarify what it characterized as "a perplexingly long complaint." (ECF No. 11, page 3.)

In an alleged attempt to "clarify" the issues, Defendant propounded its first discovery requests to Plaintiff (ECF No. 11, Exhibit B). These included twenty-one (21) pages of interrogatories, requests for production and request for admissions and sixty-one (61) separate inquiries (subparts not included). Before receiving answers to these requests, Defendant served its Second and Third Discovery on Plaintiff (ECF No. 12, Exhibit B). Plaintiff characterized

ORDER DENYING DISCOVERY MOTIONS - 3

these combined discovery requests as "thinly veiled tactics to ratchet up attorneys' fees and busy work not based on the actual merits of the case . . . ."  (ECF No. 16, page 5).

After receiving a forty-five (45) day extension to respond to these discovery requests, Plaintiff submitted "Plaintiff's Supplemental Answers to Defendant's First Discovery (ECF No. 12, Exhibit C).  These "answers" included a three-page "Preliminary Statement" and "General Objections."  Many of the answers simply referenced attached documents.  Some answers simply referred Defendant to Plaintiff's Amended Complaint (ECF 12, Exhibit C).  These responses were accompanied by three boxes of documents that were delivered to Defendant's counsel (ECF No. 12, ¶5, Decl. of Rosenberg), which Plaintiff describes as 6,000 documents and included some papers that were "badly distorted" because of water damage caused by a flood.  (ECF No. 16-2, ¶¶ 4, 6, Decl. of Kane.)  These documents were repeatedly referred to in Plaintiff's responses and were apparently categorized by attachment number.  See, e.g., ECF No. 12, pages 6-11.

Plaintiff complains that only one day after delivering these responses and documents to defense counsel, defense counsel was requesting a Rule 26 conference without thoroughly reviewing the documents.  (ECF No. 16, page 3.)  Plaintiff claims that defense counsel has only performed a "cursory glance" at the responses.  Id.

Defendant complains that Plaintiffs "have ignored their duty to respond to discovery" and provided "evasive and incomplete responses."  (ECF No. 11, page 5).

The Court notes that Plaintiff's discovery responses were delivered to defense counsel at 4:27 p.m. on April 14, 2011 (ECF No. 12, Ex. C, page 92, 109) and that Defendant asked for and conducted a "discovery conference" the following morning, Friday, April 15, 2011, which

ORDER DENYING DISCOVERY MOTIONS - 4

apparently took about twenty minutes.  (ECF No. 12, Ex. E.)  No further discussions or conferences regarding these discovery requests are set forth in the record.

Instead, six days later, Defendant filed the subject Motion to Compel Responses to Discovery and Motion to Determine Sufficiency of Plaintiff's Responses to Requests for Admissions and Request for an Award of Reasonable Attorneys' Fees (ECF No. 11, 13).

In the Motion to Compel, Defendant seeks a broad order from this Court requiring Plaintiff to provide "full, accurate, and non-evasive responses to all of Defendant's interrogatories;" and "supplementation to all Defendant's Requests for Production, or in the alternative, written confirmation that all documents have been produced."  Defendant does not specify any particular interrogatory or request for production and apparently is moving on all interrogatories and requests.  Instead of identifying particular issues, Defendant provides "examples" of what it believes are inadequate responses.  Defendant has made no attempt to include or characterize any of the 6,000 documents that Plaintiff provided as part of the discovery response.[1]

In its Motion to Determine the Sufficiency of Plaintiff's Responses to Requests for Admission, Defendant complains that Plaintiff is denying matters that Defendant believes are undeniable.  (See ECF No. 13, pages 3-5).  Defendant requests that this Court issue an order deeming the matters presented as "admitted."

Both parties have asked for attorneys' fees (ECF Nos. 13, page 1, 16, pages 5-6).

## DISCUSSION

This Court has reviewed all of the documents in support of and in opposition to these motions.  While both sides raise understandable concerns about the other party's tactics, neither

---

[1] The parties should note that this is not an invitation to provide the 6,000 documents to the Court.

ORDER DENYING DISCOVERY MOTIONS - 5

side has made a reasonable attempt to resolve these issues without court intervention. Therefore, none of the relief requested by either side is justified at this time. The Court reserves the right to award attorneys' fees and costs in the event the parties are unable to resolve these disputes and require further court intervention.

### I.    Defendant's Motion to Compel Responses to Discovery

Defendant is requesting that this Court order Plaintiff to do what Plaintiff is already obligated to do – namely, provide full, accurate, non-evasive responses to all interrogatories and requests for production. This is not the purpose of a motion to compel under Fed. R. Civ. P. 37. Such a motion should only be made by specifying a particular interrogatory or interrogatories submitted under Fed. R. Civ. P. 33 or by identifying a particular response to a request for production under Fed. R. Civ. P. 34 that fails to meet the discovery requirements. See 37(a)(3)(B)(iii)-(iv). Defendant has done neither. Instead, Defendant has simply submitted a five-page motion including a general citation to Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 37(a)(2)(B).

Defendant received Plaintiff's response late in the afternoon on Thursday, and then immediately arranged for a discovery conference first thing Friday morning. The record reflects that Defendant did not spend even a single business day reviewing the 6,000 pages of documents before declaring that the responses were inadequate in every respect. The requirements of "meet and confer" should not be considered a checkmark as a prelude to a motion. While neither side has attempted to characterize their twenty-minute "conference," this court is not satisfied that a meaningful discussion took place.

In order to promote future meaningful discovery conferences between the parties, the court offers several points for the parties to consider.

ORDER DENYING DISCOVERY MOTIONS - 6

First, a party has the option of producing business records in response to interrogatories. Fed. R. Civ. P. 33(d) provides in part:

> **Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, expecting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> . . .
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the record and to make copies, compilations, abstracts, or summaries.

Second, simply referring to the complaint is an insufficient answer. Each party has an obligation to do a thorough review of the facts and documents reasonably within their control for the purpose of providing responses to discovery. Failing to exercise due diligence in providing full and complete responses to interrogatories is not acceptable.

Third, while "contention interrogatories" are sometimes cumbersome, they can be necessary when Plaintiff fails to set forth a "short and plain statement" of the claim for relief. In the end, each side will reap what is sown. The seeds of this discovery dispute appear to have been planted with Plaintiff's unwieldy complaint.

Until this court is presented with a particular issue on a particular response that the parties have reasonably attempted to resolve through a meaningful discovery conference, no order compelling discovery will be issued.

II. <u>Defendant's Motion to Determine Sufficiency of Plaintiff's Responses to Requests for Admission</u>.

Unlike Defendant's Motion to Compel Discovery, Defendant has asked that specific requests for admission be deemed admitted. Although this Court has the authority to deem matters admitted if they do not "comply with the requirements of this Rule" Fed. R. Civ. P.

ORDER DENYING DISCOVERY MOTIONS - 7

36(a)(6), it appears that Plaintiff's responses do comply with the requirements of the Rule. Therefore, such a sanction is not appropriate at this time.

This Court recognizes that Fed. R. Civ. P. 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts.  See, e.g., 999 Corp. v. CIT Corp., 777 F.2d 866, 868-69 (9th Cir. 1985); Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n, 333 F. Supp.2d 975, 984 (D. Or. 2004).  The purpose of the rule is to expedite resolution of uncontroverted matters and to avoid the expense of preparing and proving matters that are not in dispute.  Asea v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245 (9th Cir. 1981).  Fed. R. Civ. P. 36(a)(4) provides that if a matter is not admitted, the answer must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  While a party may assert lack of knowledge or information as a reason for failing to admit or deny, this can only be done after "reasonable inquiry."  Id.  If a responding party fails to admit or denial, and fails to provide a reasonable explanation for doing so, then the answer is insufficient, and the requesting party may move the court for an order either that the matter is admitted or that an amended answer be served.  Fed. R. Civ. P. 36(a)(6).

Here, all of the requests for admissions submitted to this court by Defendant were denied by the Plaintiff.  Plaintiff raised no objections.  Plaintiff did not obfuscate nor claim that she lacked of knowledge or information as a reason for failing to admit or deny.  Plaintiff simply denied them.  This answer, at this stage of the litigation is sufficient.  This means that Defendant, if required, will need to prove each of these facts at trial.

Fed. R. Civ. P. 37(c)(2) provides in part:

ORDER DENYING DISCOVERY MOTIONS - 8

> ***Failure to Admit***.  If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or a matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:
> 
>   (A)  The request was held objectionable under Rule 36(a);
>   (B)  The admission sought was of no substantial importance;
>   (C)  The party failing to admit had a reasonable ground to believe it might prevail on the matter; or
>   (D)  There was other good reason for the failure to admit.

Defendant apparently believes that it has evidence to prove each of the matters.  Plaintiff has asserted, and apparently believes, that the matters are in dispute.  Therefore, if necessary, Defendant will be required to prove these facts at trial and if the Court believes that these matters should have been admitted, then the Rules contemplate that the offending party can be required to pay reasonable expenses, including attorney fees in making the proof.  Now is not the time for such an award.

### III.   Request for Attorney Fees

Both parties have asked for an award of attorney fees.  Both requests are DENIED.  For the reasons stated above, the Court is not persuaded that either side has done everything possible to resolve these discovery disputes without court intervention.

### IV.   Amendment of Minute Order Regarding Discovery and Depositions.

As noted earlier, the court has previously issued a Minute Order regarding Discovery and Depositions (ECF No. 5).  The parties are encouraged to carefully review that Order again.  As this matter has now been referred to the undersigned for purposes of resolving discovery issues, it should be noted by both parties that should either side request a joint call to chambers for an

ORDER DENYING DISCOVERY MOTIONS - 9

1  expedited ruling by telephone conference, then this request should be made to the undersigned,

2  rather than the District Judge. Chambers phone number is (253) 882-3780.

3  DATED this 13th day of May, 2011.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING DISCOVERY MOTIONS - 10